**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RETTEW ASSOCIATES, INC., Plaintiff, v. ENCINA DEVELOPMENT GROUP, LLC, Defendant. | No. 4:24-CV-01581 (Chief Judge Brann) |

**MEMORANDUM OPINION**

**AUGUST 28, 2026**

## I. INTRODUCTION

Plaintiff Rettew Associates, Inc. ("Plaintiff") sued Defendant Encina for a dispute arising out of their prior contractual relationship.[1] After nearly two years of litigation, the parties agreed to the entry of a consent judgment on the merits of the underlying dispute, which was subsequently granted by the Court.[2] The Order approving the consent judgment held, in part, that "Plaintiff Rettew Associates, Inc. is entitled to recover all costs of executing the judgment against Defendant Encina."[3]

After the Order was entered approving the consent judgment, Plaintiff moved for sanctions against Defendant under 28 U.S.C. § 1927, seeking an evidentiary

---

1 Doc. 1.
2 Docs. 52, 54, 55.
3 Doc. 54.

hearing on the issue.[4] Subsequently, a satisfaction of judgment was entered, indicating Plaintiff's acknowledgement that Defendant had made full and complete satisfaction.[5] In the satisfaction of judgment, Plaintiff indicated it would not be withdrawing the instant motion for sanctions.[6]

In its brief in opposition to the instant motion, Defendant made multiple references to the fact that the amount awarded in the consent judgment included all of Plaintiff's attorney fees.[7] Accordingly, the Court ordered the parties to submit a joint letter indicating whether the judgment did indeed include all of Plaintiff's attorney's fees, and, if not, to explain "in detail" which fees remain outstanding.[8] The Court additionally ordered that, if Plaintiff believed it had fees which remained outstanding after the satisfaction of judgment was entered, it could provide a short brief and supplemental documentation detailing the fees.[9]

The parties submitted a joint letter with conflicting positions: Plaintiff asserted that fees remain outstanding while Defendant contended that, based on the email negotiations Defendant provided to the Court in opposition to Plaintiff's

---

4 Doc. 60-1.

5 Doc. 67.

6 *Id.*

7 Doc. 65 at 3 ("Rettew received a Consent Judgment for the full principal balance of its unpaid invoices, interest, *and all attorneys' fees it incurred in the litigation*") (citing to 65-2 ("Exhibit 1"), at 4 ("Rettew has an enforceable Judgment that includes all attorney fees it incurred in this case").

8 Doc. 68.

9 *Id.*

motion, Plaintiff's fees were already paid as part of the judgment.[10] Despite Plaintiff's position that fees remained outstanding, it filed neither supplemental documentation nor a brief by the August 24, 2026 deadline outlined in the Court's August 14, 2026 Order.

## II. DISCUSSION

Under 28 U.S.C. § 1927, a court may order an attorney who "so multiplies [legal] proceedings in any case unreasonably and vexatiously" to "satisfy personally the *excess* costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[11] "The party seeking sanctions [under § 1927] must show by clear and convincing evidence that sanctions are warranted."[12] "To impose sanctions under § 1927, a court must find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct."[13]

"Because § 1927 addresses the impact conduct has on the proceedings, sanctions that are imposed under § 1927 should correspond to the costs and expenses resulting from the vexatious conduct."[14] "When issuing a fee-shifting award as a sanction under . . . [§] 1927, the Court must calibrate the award to include only the

---

10 Doc. 69.
11 28 U.S.C. § 1927 (emphasis added).
12 *Cardionet, LLC v. Mednet Healthcare Tech., Inc.*, 146 F. Supp. 3d 671, 699 (E.D. Pa. 2015).
13 *Id.* (quotation omitted).
14 *Young v. Smith*, 269 F. Supp. 3d 251, 335 (M.D. Pa. 2017) (Brann, J.).

damages that bear a causal link to the misconduct in question, in order to remain in the realm of the compensatory and prevent the sanction from becoming punitive in nature."[15] The Supreme Court of the United States has stated that "under 28 U.S.C. § 1927, a court may require an attorney who unreasonably multiplies proceedings to pay attorney's fees incurred *'because of' that misconduct*," and noted that a party seeking fees must "establish a causal link between misconduct and fees."[16]

Plaintiff's submissions suffer from two deficiencies: first, Plaintiff has not shown the requisite causal link between misconduct and fees, as its submissions lack any discussion or evidence of what "excess" fees Plaintiff incurred at all; second, Plaintiff has not established that any awardable fees were not already included in the consent judgment such that an award would not be double-dipping.[17]

At the outset, Plaintiff has failed to establish the requisite causal link between its alleged fees incurred and Defense counsel's alleged misconduct.[18] Plaintiff has not provided any discussion or indication of what "excess" fees it believes were incurred due to Defendant's allegedly bad faith conduct. Instead, Plaintiff asserts that "naturally, the misconduct of Encina's counsel drastically inflated Rettew's costs,"[19] and that such costs "will be established at the hearing in this matter."[20]

---

15 *In re Delaware Valley Lift Truck, Inc.*, 640 B.R. 342, 371 (E.D. Pa. 2022).

16 *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 n.5 (2017) (emphasis added).

17 Docs. 65, 62-1–62-6.

18 The Court makes no analysis or holding as to Defense counsel's underlying conduct and whether it would have been sufficient, or not, to meet the bad faith standard of §1927.

19 Doc. 62 at 11 (cleaned up from heading capitalization).

20 *Id.* at 12.

However, a hearing is not warranted where Plaintiff has not made even a bare showing of what fees it seeks. Indeed, even after being given an opportunity to submit supplemental documentation regarding its fees, Plaintiff did not do so. The Court has no basis then to determine what fees Plaintiff is including in its final calculation of outstanding fees and therefore has no method to determine which, if any, of those fees were improperly incurred "because of" Defense counsel's alleged misconduct. Therefore, Plaintiff has not provided any evidence tending to show that there is a basis for a hearing, let alone clear and convincing evidence as is Plaintiff's burden.

Additionally, Plaintiff has not established that any "excess" fees it allegedly incurred were not already satisfied as part of the consent judgment and order.[21] After reviewing Defendant's submissions, the Court ordered Plaintiff to explain "in detail" what fees it believes remain outstanding, and allowed Plaintiff to submit supplemental documentation to that effect.[22] In the joint letter, Plaintiff asserted a range of fees it believes are outstanding, but did not explicate "in detail" as the Court ordered,[23] how it conducted its calculations or what those fees included.[24] Nor did

---

21 *See* Doc. 68 n. 6.

22 Doc. 68.

23 *Id.*

24 Docs. 68, 69. The only explanation provided by Plaintiff relates to the sum expended for transferring the judgment to Texas and related discovery and execution work. Doc. 69 at 2. This is exemplary of the overall deficiencies of Plaintiff's submissions. First, Plaintiff fails to tie the transferring fees to Defense counsel's alleged misconduct, and § 1927 allows only for recovery of "excess" fees. Plaintiff does not explain why execution costs would not have been incurred even if Defense counsel had settled the case from day one, as they so desired. Plaintiff

Plaintiff submit documentation supporting its final calculations or a fee accounting. In contrast, Defendant has provided emails which tend to establish that Plaintiff was already compensated writ large for the attorney fees incurred during the litigation.[25]

Plaintiff instead asserts, without authority, that § 1927 does not preclude seeking sanctions where "some or all the attorney fees incurred by a litigant are included in a judgment."[26] Contrary to Plaintiff's position, however, a § 1927 motion must "correspond to the costs and expenses resulting from the vexatious conduct,"[27] and § 1927 itself allows explicitly for monetary sanctions to satisfy "*excess* costs, expenses, and attorneys' fees."[28] In line with the compensatory nature of § 1927, the Court will not provide Plaintiff with double recovery to satisfy Plaintiff's seemingly punitive objectives.

Plaintiff additionally makes offhand reference to the fact that it should be allowed to seek double recovery "in an effort to offset lost attorney fees or other

---

misses the point of §1927, which is to compensate for improperly incurred "excess" fees, not to be a blanket award of all fees incurred in the overall litigation. Moreover, Plaintiff *already has an enforceable judgment* entitling them to those costs in the consent judgment and Order, which establishes that "Plaintiff Rettew Associates, Inc. is entitled to recover all costs of executing the judgment against Defendant Encina Development Group, LLC as part of this judgment." Doc. 54. Accordingly, *even if* Plaintiff had shown that these fees were related to Defense Counsel's misconduct, Plaintiff has not shown why an award of fees under § 1927 would not doubly compensate them.

25 Doc. 65-2 at 14 ("I'm authorized by ENCINA to resolve this case with a consent judgment. I need to know from you the total amount including principal balance, interest and attorney fees."), at 13 (in response to the last email, "the figure is $491,930.09."); at 12 ("can [you] break down the amount of interest and attorneys fees so I can provide that to ENCINA"); Doc. 69 (indicating that Plaintiff counsel never responded to the last request).

26 Doc. 69 at 2.

27 *Young*, 269 F. Supp. 3d at 335; *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995).

28 § 1927.

amounts that were not and could not actually be recovered."[29] First, Plaintiff has not established why it believes fees remain outstanding. In negotiations, Plaintiff responded to Defendant's requests for the total amount incurred by Plaintiff, including attorneys fees, by stating the total was $491,930.09.[30] That is the amount ultimately awarded in the consent judgment, and there has been an entry of satisfaction.[31] Additionally, as part of the consent judgment, the Court ordered that Plaintiff was entitled to recover all costs of executing the judgment against Defendant. Therefore, even if Plaintiff was correct that it could seek to double recover fees which "could not actually be recovered," Plaintiff has not shown that any such fees remain outstanding, or why those fees could not be recovered under the consent judgment and binding order.

Next, even if fees remained outstanding, Plaintiff would need to demonstrate a causal connection between such fees and defense counsel's misconduct, which, as addressed at length *supra*, Plaintiff has not done. Indeed, the only fees which Plaintiff briefly explains in the joint letter were those incurred in the execution of the judgment and its transfer to Texas;[32] yet Plaintiff provides no explanation for

---

29 Doc. 69 at 2.
30 *See supra*, note 25.
31 Docs. 54, 55, 67. As Defendant noted in the joint letter, the clerk's entry of judgment appeared to contain a typographical error which rendered the clerk's judgment substantially lower than the Court's order approving the consent judgment. *See* Docs 54, 55, 67. If Plaintiff believes this was in error, Plaintiff may move to correct the clerk's entry of judgment in line with the Court's Order approving the consent judgment, but such an issue is not properly addressed in this § 1927 sanctions motion.
32 Doc. 69 at 2.

why those fees would not have inevitably occurred even without alleged misconduct by Defendant's counsel.

Finally, even if the Court were to accept Plaintiff's assertion that it could not recover certain fees, Plaintiff provides no legal authority or support for its contention that double recovery is permissible where fees could not be recovered despite an enforceable binding order entitling a party to those fees. The Court is disinclined to award Plaintiff two binding judgments entitling them to double recovery of the same underlying fees based only on Plaintiff's unsupported assertion that it has fees which remain outstanding.[33] This is especially so in light of the nature of § 1927, which is intended to be compensatory.[34]

In sum, without any proffer or evidence of fees that Plaintiff believes remain outstanding and an explanation as to why they were incurred, there is no basis for the Court to conclude that Plaintiff has outstanding "excess" fees which were incurred "because of" Defendant's conduct, especially in light of a consent judgment which appears to include all of Plaintiff's fees. Therefore, the Court will deny Plaintiff's motion for sanctions.

---

[33] This is especially so where Plaintiff's end date for fees incurred, May 20, was after substantial motion practice relating to the instant motion. If these fees constitute part or all of the allegedly outstanding fees, allowing an award would create a circular conclusion that sanctions are warranted because of the outstanding fees which came from arguing that sanctions are warranted. This is precisely why Plaintiff's submissions are deficient; the Court has no way of knowing what fees Plaintiff seeks or why they were incurred, let alone whether those fees were incurred "because of" Defense counsel's misconduct.

[34] *See supra*, notes 15-16.

## III. CONCLUSION

Plaintiff's motion for sanctions under § 1927 is denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge